**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CITIZENS BANK, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 25-1214** |
| **MARCEL WISZNIA ET AL.** | **SECTION "H"** |

## ORDER AND REASONS

Before the Court is Plaintiff Citizen Bank N.A.'s Motion for Default Judgment against Defendants (Doc. 12). For the following reasons, the Motion is **GRANTED**.

## BACKGROUND

Plaintiff Citizen Bank, N.A. alleges that it entered into a Credit Agreement and Revolving Demand Note ("the Loan") with Defendant Wisznia Company, Inc. ("WCI") on December 9, 2022, providing WCI with a line of credit in the amount of $250,000. As security for the Loan, Defendant Marcel Wisznia signed a personal guaranty guaranteeing performance by WCI on the Loan ("the Guaranty"). Plaintiff alleges that Defendants defaulted on their obligations under the Loan and Guaranty. On June 13, 2025, Plaintiff filed this action to collect on the unpaid amounts. Defendants were served on June 19, 2025, but have failed to make an appearance in this matter. The Clerk of Court

1

entered default on September 15, 2025. Plaintiff filed the instant Motion for Default Judgment on December 23, 2025.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b) authorizes the clerk to make an entry of default against defendants who fail to answer or otherwise defend a plaintiff's complaint within the required time period.[1] An entry of default results in a plaintiff's well-pleaded factual allegations being deemed admitted.[2] Nevertheless, a defendant against whom a default has been entered "is not held to admit facts that are not well-pleaded or to admit conclusions of law."[3]

Following the entry of default, a plaintiff may move for default judgment against the defendant in default.[4] "[A] defendant's default does not in itself warrant the court in entering a default judgment" as "[t]here must be a sufficient basis in the pleadings for the judgment entered."[5] Although judgments by default are "generally disfavored,"[6] the decision to enter default judgment is within the sound discretion of the trial court.[7]

The Court is entitled to consider several factors when determining whether to enter a default judgment, including:

---

[1] FED. R. CIV. P. 55.

[2] Meyer v. Bayles, 559 F. App'x 312, 313 (5th Cir. 2014) (citing Nishimatsu Const. Co. v. Houston Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).

[3] *Nishimatsu*, 515 F.2d at 1206.

[4] FED. R. CIV. P. 55(b)(2).

[5] *Nishimatsu*, 515 F.2d at 1206.

[6] Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000).

[7] Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (citing Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977)).

whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion.[8]

The Fifth Circuit has acknowledged that an evidentiary hearing can be held when the damages claimed are unliquidated.[9] However, an evidentiary hearing is unnecessary when the amount of damages claimed is a liquidated sum or an amount "capable of mathematical calculation."[10]

## LAW AND ANALYSIS

In order to enter a default judgment, the Court must first examine its jurisdiction over the subject matter and the parties before proceeding to the merits of Plaintiff's Motion for Default Judgment.[11]

### A. Subject Matter Jurisdiction

Subject matter jurisdiction in this case is premised on diversity jurisdiction. Cases arising under § 1332 require complete diversity of citizenship and an amount in controversy exceeding $75,000.00. "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[12] Plaintiff

---

[8] Lindsey v. Prive Corp., 161 F.3d 886, 893 (5th Cir. 1998).

[9] James v. Frame, 6 F.3d 307, 310 (5th Cir. 1993).

[10] *Id.*

[11] Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001).

[12] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir.2004) (internal quotation marks and citations omitted).

3

pleads that it is a national banking association with its main office in Rhode Island.[13] Defendant Marcel Wisznia is a resident of Louisiana, and WCI is a Louisiana corporation with its principal place of business in Louisiana. Accordingly, there is complete diversity. Further, the amount in controversy exceeds $75,000 as discussed below. Therefore, this Court has subject matter jurisdiction over this matter.

### B. Personal Jurisdiction

Next, the Court must consider personal jurisdiction over Defendants. Plaintiff's Complaint contends that WCI is a Louisiana company operating out of New Orleans, Louisiana and is therefore domiciled in Louisiana. Further, Mr. Wisznia is a citizen of Louisiana. Accordingly, the Court has personal jurisdiction over Defendants in their home state.

### C. Venue

Finally, the Court must also consider whether the action has been brought in an appropriate venue. "A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject to the action is situated."[14] Plaintiff alleges that the Loan and Guaranty documents were executed in this district and the Defendants are domiciled in this district. Accordingly, venue is proper here.

---

[13] A national banking association is a citizen of the State in which its main office is located. Wachovia Bank v. Schmidt, 546 U.S. 303, 303 (2006).

[14] 28 U.S.C. § 1391(b)(2).

4

### D. Plaintiff's Claims

Having found that jurisdiction and venue are proper and noting that the record reflects that Defendants were served with the summons and complaint and have failed to appear, plead, or otherwise defend themselves in this action, the Court may award a default judgment in Plaintiff's favor if the facts alleged in the Complaint constitute a legitimate cause of action.[15] The Court must therefore determine whether, accepting the well-pleaded factual allegations in the Complaint as true, Plaintiff is entitled to a judgment against Defendants.

Plaintiff brings claims for breach of the Loan and Guaranty agreements. Under Louisiana law, to prevail on a breach of contract claim, the plaintiff must show that: 1) the defendant owed him an obligation; 2) the defendant failed to perform the obligation; and 3) the defendant's failure to perform resulted in damage to the plaintiff.[16] Considering Plaintiff's Complaint and the Loan and Guaranty documents, the Court finds a sufficient basis for the entry of judgment on Plaintiff's breach of contract claims.

Plaintiff has shown that WCI entered into the Loan agreement on December 9, 2022 and received access to a line of credit in the amount of $250,000.00 with an initial interest rate of 1.75% above the Wall Street Journal Prime Rate. In the Loan, WCI agreed to make certain minimum monthly payments, and the principal balance and accumulated interest were

---

[15] *See* Farrell v. Landrieu, No. 14-0072, 2016 WL 1714227, at *2 (E.D. La. Apr. 1, 2016).

[16] Hayes Fund for First United Methodist Church of Welsh, LLC v. Kerr-McGee Rocky Mountain, LLC, 193 So. 3d 1110, 1115 (La. 2015).

payable to Plaintiff on demand. Mr. Wisznia signed the Guaranty on the same date, agreeing to ensure the performance of WCI under the Loan.

Thereafter, WCI defaulted on the terms of the Loan by failing to make monthly payments and failing to pay the balance in full upon demand. Plaintiff served WCI and Mr. Wisznia with a notice of default on April 24, 2025. As of November 20, 2025, Defendants owed a balance of $250,000.00 in principal, $22,097.22 in accrued interest, and $1,071.45 in late charges. Interest continues to accrue daily at a rate of $60.76.[17] Accordingly, Plaintiff has shown that Defendants entered into agreements with it, breached those agreements, and have caused Plaintiff damages by failing to repay the amounts owed under those agreements. Default Judgment is appropriate.

### E. Attorney's Fees

Plaintiff also contends that it is entitled to attorney's fees under the terms of the Loan and Guaranty agreements. In Louisiana, a prevailing party may recover attorney's fees where authorized by contract or statute.[18] The Loan requires WCI to pay costs and expenses incurred by Plaintiff in enforcing the terms of the Loan.[19] Likewise, the Guaranty states that Mr. Wisznia

---

[17] In its Complaint, Plaintiff states that interest accrues at a rate of $64.24 per day. However, the Motion and the Obligation Payoff attached as an exhibit thereto indicate a rate of $60.76.

[18] Abdelqader v. Ramos, 353 So. 3d 750, 762–63 (La. App. 4 Cir. 2022).

[19] Doc. 12-2.

unconditionally guaranteed the payment of all sums due by WCI, including attorney's fees.[20]

"Attorney's fees are based upon the legal work performed or to be performed and must be reasonable."[21] Accordingly, the Court must determine the reasonableness of the attorney's fees and costs sought. To calculate an attorney's fees award, the district court first calculates the "lodestar."[22] The lodestar is the product of the number of hours reasonably expended on the litigation multiplied by a reasonable hourly billing rate.[23] However, the Court retains broad discretion in setting the appropriate award of attorney's fees.[24]

Plaintiff reports that it has incurred attorney's fees in the amount of $3,298.00 and costs in the amount of $1,190.00. Plaintiff's attorney represents that he expended 6.8 hours at a rate of $485.00 in prosecuting this matter. Having reviewed the billing records of Plaintiff's attorney and the filings made in this matter, the Court finds the hours expended and the hourly rate to be reasonable. Accordingly, Plaintiff is entitled to attorney's fees and costs in those amounts.

## CONCLUSION

For the foregoing reasons, the Motion is **GRANTED**. Default judgment shall be entered against Defendants Wisznia Company, Inc. and Marcel Wisznia on Plaintiff Citizen Bank N.A.'s breach of contract claims in the

---

[20] *Id.*

[21] *Abdelqader*, 353 So. 3d at 762–63.

[22] Forbush v. J.C. Penney Co., 98 F.3d 817, 821 (5th Cir. 1996).

[23] Hensley v. Eckerhart, 61 U.S. 424, 433–34 (1983).

[24] *Id.* at 437.

amount of $273,168.67 in principal, accrued interest, and penalties with additional interest accruing daily in the amount of $60.76 from November 21, 2025 until paid in full; and $4,488 in attorney's fees and costs.

New Orleans, Louisiana this 24th day of March, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

8